**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan B. Edgar, | No. CV-15-0063-TUC-CKJ (BGM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, *et al.*, | |
| Respondents. | |

Currently pending before the Court is Petitioner Jonathan B. Edgar's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition") (Doc. 1). Respondents have filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 18), as well as a Supplemental Answer to Limited Answer to Petition for Writ of Habeas Corpus ("Supplemental Answer") (Doc. 29). Petitioner filed a Reply (Doc. 21) to the limited answer, as well as a Supplemental Reply (Doc. 32). The Petition is ripe for adjudication.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[1] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The

---

[1] Rules of Practice of the United States District Court for the District of Arizona.

Magistrate Judge recommends that the District Court deny the Petition (Doc. 1).

# I.    FACTUAL AND PROCEDURAL BACKGROUND

## A.  Initial Charge and Sentencing

On March 9, 1997, Petitioner was charged with sexual assault, kidnapping, and second degree burglary.  *See* Answer (Doc. 18), Interim Compl. (Exh. "A").  The Arizona Court of Appeal stated the facts[2] as follows:

> Pursuant to a plea agreement, Edgar was convicted in June 1997 of second-degree burglary, a class three felony.  In August 1997, the trial court suspended the imposition of sentence and placed Edgar on intensive probation for five years.  A petition to revoke probation was filed just a few months later; the court continued Edgar on probation in January 1998 after he admitted one of the allegations in the petition.  In May 1998, a second petition to revoke probation was filed, asserting, inter alia, that Edgar had "changed his residence without prior approval of his probation officer and his current whereabouts [were] unknown."  Edgar was arrested almost sixteen years later, in April 2014, at which time he admitted having absconded from probation.  At the disposition hearing in May 2014, the court imposed a maximum seven-year term of imprisonment, finding as aggravating factors trauma to the victim and Edgar's having absconded, and as a mitigating factor, Edgar's difficult childhood.

Suppl. Answer (Doc. 29), Ariz. Ct. of Appeals, Memorandum Decision 7/14/2015 (Exh. "S") at 2.

. . .

. . .

---

[2] As these state court findings are entitled to a presumption of correctness and Petitioner has failed to show by clear and convincing evidence that the findings are erroneous, the Court hereby adopts these factual findings.  28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007); *Wainwright v. Witt*, 469 U.S. 412, 426, 105 S.Ct. 844, 853, 83 L.Ed.2d 841 (1985); *Cf. Rose v. Lundy*, 455 U.S. 509, 519, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).

### B. *Post-Conviction Relief Proceeding*

On October 14, 2014, Petitioner filed his Petition for Post-Conviction Relief. *See* Answer (Doc. 18), Pet.'s Pet. for PCR (Exh. "K"). Petitioner presented two (2) grounds for relief, as follows:

> 1) Petitioner's sentence is in violation of the Constitutions of the United States and the State of Arizona and exceeded the maximum authorized by law because the aggravating factors used to determine his sentence were not proven to a jury beyond a reasonable doubt.
>
> 2) Petitioner's counsel at sentencing was ineffective, denying Petitioner his rights under the Sixth Amendment of the United States Constitution because trial counsel failed to recognize that any aggravation must be proved to a jury beyond a reasonable doubt.

Answer (Doc. 18), Exh. "K" at 1.

First, Petitioner argued that based on his plea, "the maximum sentence faced by Petitioner was the presumptive sentence of 3.5 years, absent an admission or waiver by the Petitioner to allow the Court to find aggravating factors." *Id.*, Exh. "K" at 3. Petitioner further alleged that because "[n]o such admission or waiver is contained in the record of Petitioner's plea[,] [n]o jury was convened to consider the aggravating factors[,] [and] Petitioner had no prior convictions, other than juvenile adjudications[,] . . . [Petitioner] was denied his right to have facts decided by a jury beyond a reasonable doubt, in violation of his Fifth and Sixth Amendment rights." *Id.*, Exh. "K" at 3–4. Petitioner also asserted that he was prejudiced by this error, because "it [wa]s not clear that a jury, considering the matter under the standard of beyond a reasonable doubt, would have found the harm to the victim as an aggravating factor." *Id.*, Exh. "K" at 4.

Second, Petitioner also argued that trial counsel's actions were not reasonable,

requiring the court to determine "whether those deficiencies were prejudicial." Answer (Doc. 18), Exh. "K" at 5. Petitioner asserted that counsel's alleged failure to review his original plea agreement to determine that Petitioner had not waived his right to have a jury determine any aggravating sentencing factors beyond a reasonable doubt, was prejudicial since "a jury may not have found both aggravating factors beyond a reasonable doubt and the aggravating factors may not have outweighed the mitigating factor." *Id.*, Exh. "K" at 5.

Finally, counsel certified that the Petition included every ground known to her that was appropriate for a PCR petition; however, Petitioner wished to raise four (4) issues *pro se. Id.*, Exh. "K" at 5. Petitioner asserted the following:

> (1) Petitioner's term of probation expired prior to the revocation and the State failed to timely revoke his probation;
>
> (2) violation of the Double Jeopardy clause of the U.S. constitution as a result of his sentence subsequent to the expiration of his probation;
>
> (3) ineffective assistance of counsel based on a lack of a factual basis for the crime he plead to, burglary, because Petitioner was a leaseholder on the property he was charged with burglarizing; [and]
>
> (4) ineffective assistance of counsel based on counsel's failure to challenge the indictments of sexual assault, class two felonies, instead of sexual assault of a spouse, class six felonies.

Answer (Doc. 18), Exh. "K" at 5.

On January 15, 2015, the Rule 32 court addressed the two (2) arguments raised by counsel, but ignored those urged by Petitioner alone. Answer (Doc. 18), Ariz. Superior Court, Pima County, Case No. CR056376, Ruling 1/15/2015 (Exh. "N"). The Rule 32 court held that it was "not prepared to give the Petitioner the benefit of the

*Apprendi/Blakely* line of cases when he absconded for almost a decade and a half preventing the Court from sentencing him, at all."[3]  Answer (Doc. 18), Exh. "N" at 2. Regarding Petitioner's ineffective assistance of counsel claim, the Rule 32 court found that counsel was not ineffective and neither was Petitioner prejudiced.  *Id.*, Exh. "N" at 2. The Rule 32 court pointed out that the "victim statements were very clear and the crime was terrible[,] [and] [i]t stretches the imagination to think a jury would not find emotional harm to the victim, especially in light of the fact that the victim would state that the Petitioner continued to contact her and 'gloat' over the years he was on absconder status."  *Id.*, Exh. "N" at 2.  As such, the Rule 32 court denied relief and dismissed the petition.  Answer (Doc. 18), Exh. "N" at 2.

On February 2, 2015, Petitioner filed his *pro se* Petition for Review in the Arizona Court of Appeals.  *See* Answer (Doc. 18), Pet. for Review 2/2/2015 (Exh. "O"). Petitioner asserted the following issues for review: (1) whether his sentence "is in violation of the Constitutions of the United States and the State of Arizona and exceeded the maximum authorized by law"; (2) ineffective of counsel at sentencing "because trial counsel failed to recognize that any aggravation must be proved to a jury beyond a reasonable doubt"; (3) whether his term of probation expired prior to revocation nullifying the revocation; (4) violation of the Double Jeopardy clause, because he was sentenced subsequent to the expiration of probation; (5) ineffective assistance of counsel because his plea allegedly lacked a factual basis; and (6) ineffective assistance of counsel

---

[3]  *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

for a failure to challenge the indictment alleging sexual assault instead of sexual assault of a spouse.  Answer (Doc. 18), Exh. "O" at 3.

Petitioner asserted that he never waived having a jury consider aggravating factors for sentencing, and as such, his sentence "exceed[ed] the maximum sentenced [sic] authorized by the jury verdict alone" in violation of his Sixth Amendment rights.  *Id.*, Exh. "O" at 3–5.  Petitioner further asserted that the trial court erred by not applying *Apprendi* in determining his sentence.  *Id.*, Exh. "O" at 5–10.  Petitioner argued that this resulted in a sentence that "exceed[ed] the maximum authorized by law" and was therefore unconstitutional.  *Id.*, Exh. "O" at 10.  Petitioner also asserted that his trial counsel was ineffective at sentencing, because "[c]ounsel must have been ignorant of the law when not detecting Petitioners [sic] right to a jury trial[.]" *Id.*, Exh. "O" at 11.

Petitioner also alleged a due process violation, arguing that the State of Arizona misapplied A.R.S. § 13-903, and should have relied on Arizona Criminal Procedure Rule 27.10.  Answer (Doc. 18), Exh. "O" at 11–17.  Petitioner asserted that "a term of probation has to be revoked during the probationary period," which he alleged that the State failed to do, thereby divesting the trial court of jurisdiction to revoke Petitioner's probation.  *Id.*, Exh. "O" at 13.  Additionally, Petitioner asserted prosecutorial misconduct because "[t]he State went as far as to have a warrant issued for the original burglary charge and not the probation violation[.]" *Id.*, Exh. "O" at 15.  Petitioner alleged that this was done to ensure his extradition from Mexico. *Id.*, Exh. "O" at 15.  Petitioner further alleged a due process violation because he believes that the trial courts imposition of "a subsequent prison sentence after the term of probation expired, . . .

violated the Double Jeopardy Clause of the Fifth Amendment." *Id.*, Exh. "O" at 19 (citations omitted).

Finally, Petitioner claimed ineffective assistance of counsel during plea negotiations. Answer (Doc. 18), Exh. "O" at 19–20. Petitioner argued that counsel was ineffective due to an alleged failure to dispute the charge of sexual assault, arguing that Petitioner should have been charged with sexual assault of a spouse. *Id.*, Exh. "O" at 19–20. Moreover, Petitioner believed that he cannot have committed burglary, because he was a leaseholder on the property. *Id.*, Exh. "O" at 19–20.

On June 10, 2015, Petitioner filed a Motion for Speedy Disposition in the court of appeals. Answer (Doc. 18), Court of Appeals, State of Ariz., Case No. 2 CA-CR 2015-0047-PR, Pet.'s Motion for Speedy Disposition (Exh. "P"). The Arizona Court of Appeals granted Petitioner's Motion for Speedy Disposition on June 17, 2015. Answer (Doc. 18), Court of Appeals, State of Ariz., Case No. 2 CA-CR 2015-0047-PR, Order 6/17/2015 (Exh. "Q") & Order 6/29/2015 (Exh. "R").

On July 14, 2015, the Arizona Court of Appeals granted review, but denied relief. Suppl. Answer (Doc. 29), Court of Appeals, State of Ariz., Case No. 2 CA-CR 2015-0047-PR, Mem. Decision 7/14/2015 (Exh. "S"). The appellate court indicated that "[a]lthough we disagree with the [Rule 32] court's reasoning, we nonetheless find that it reached the right result and also deny relief." *Id.*, Exh. "S" at 3 (citing *State v. Oakley*, 180 Ariz. 34, 36, 881 P.2d 366, 368) (Ct. App. 1994)). The appellate court went on to limit its discussion "to the two arguments counsel presented to the trial court in the Rule 32 petition below." *Id.*, Exh. "S" at 3–4. The appellate court "assume[d] without

deciding that *Blakely* applie[d] to the sentence imposed upon Edgar's probation revocation in May 2014." *Id.*, Exh. "S" at 4 (citations omitted). The court observed, however, that "Edgar [had] failed to object based on *Blakely* at sentencing; . . . therefore forfeit[ing] his right to relief absent fundamental, prejudicial error." *Id.*, Exh. "S" at 4 (citations omitted). The Arizona Court of Appeals then "conclude[d] that no rational jury could have failed to find beyond a reasonable doubt that the victim suffered substantial emotional harm resulting from Edgar's actions during the 1997 burglary, and . . . thus conclude[d] Edgar ha[d] not demonstrated he was prejudiced by any error." Suppl. Answer (Doc. 29), Exh. "S" at 6–7. Moreover, "because Edgar ha[d] not established fundamental, prejudicial error, [the appellate court] [could not] say the [Rule 32] court abused its discretion in denying relief on his related claim of ineffective assistance of counsel." *Id.*, Exh. "S" at 8. Petitioner did not seek review this decision by the Arizona Supreme Court. *See* Suppl. Answer (Doc. 29), Court of Appeals, State of Ariz., Case No. 2 CA-CR 2015-0047-PR, Mandate 9/4/2015 (Exh. "T").

### C. The Instant Habeas Proceeding

On February 10, 2015, Petitioner filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Petitioner claims five (5) grounds for relief. First, Petitioner alleges that his "term of probation expired on October 22, 2002[,] [but] [t]he State did not revoke probation until May 13, 2014[,] then sentenced Petitioner to a 7 (seven) year prison term on an . . . expired term of probation." Petition (Doc. 1) at 4. Petitioner supports his contention by arguing that the monthly fees incurred match with the number of days his original probation term. *Id.* at 5. Petitioner

also alleges that this delay in revocation violated his due process rights. Petition (Doc. 1) at 12–13; *see also* Suppl. Reply (Doc. 32) at 11–14. Second, Petitioner alleges that his "sentence is in violation of the Constitutions of the United States and The [sic] State of Arizona and exceeded the maximum authorized by law because the aggravating factors used to determine his sentence were not proven to a jury beyond a reasonable doubt." Petition (Doc. 1) at 6. Petitioner further asserts that his plea agreement does not contain a waiver of his right to have a jury make findings regarding any aggravating factors, and that absconding "is only a technical violation" of his probation. *Id.* at 6, 15–16. Petitioner argues that *Apprendi* and *Blakely* require that any fact that increases the defendant's sentence beyond the statutory maximum must be proven to a jury and found beyond a reasonable doubt, which Petitioner further asserts did not occur during his revocation hearing. Suppl. Reply (Doc. 32) at 5–9. Third, Petitioner alleges ineffective assistance of counsel at sentencing, because "[c]ounsel . . . failed to recognize Petitioners [sic] right that any aggravation must be proved to a jury beyond a reasonable doubt." Petition (Doc. 1) at 7, 17. Petitioner also alleges that counsel was ineffective for "fail[ing] to detect . . . Petitioners [sic] probationary term expired in 2002[.]" Suppl. Reply (Doc. 32) at 10. Fourth, Petitioner alleges ineffective assistance of trial counsel "based on a lack of a factual bases [sic] for the crime Petitioner plead to." Petition (Doc. 1) at 8. Petitioner argues that he "was a leaseholder of the home to which was [sic] alleged to have been burglarized" and he was married to the victim. *Id.* Petitioner also faults counsel for "fail[ing] to offer evidence or file timely motion for a review of the indictment." *Id.* Petitioner asserts that he should have been charged with sexual assault

between spouses pursuant to A.R.S. §13-1406.01, rather than the sexual assault to which he pleaded guilty. *Id.* at 17–18. Fifth, Petitioner asserts that counsel was ineffective during plea negotiations. Petition (Doc. 1) at 8–9. Petitioner reiterates his complaints that counsel did not challenge the indictment regarding the sexual assault charge, nor did counsel file any motions. *Id.* at 9.

On July 20, 2015, Respondents filed their Limited Answer (Doc. 18), asserting that Petitioner had only advanced unexhausted claims in his federal habeas petition. On July 21, 2015, Petitioner filed a Reply (Doc. 21). On January 22, 2016, Respondents filed a Supplemental Answer (Doc. 29) in light of the Arizona Court of Appeals decision completing Petitioner's PCR proceeding. On February 25, 2016, Plaintiff filed his Supplemental Reply (Doc. 32).

## II. STANDARD OF REVIEW

### A. *In General*

The federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United States.*" 28 U.S.C. § 2254(a) (emphasis added). Moreover, a petition for habeas corpus by a person in state custody

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). Correcting errors of state law is not the province of federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'" *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S.Ct. 2842, 2854, 168 L.Ed.2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)). Furthermore, this standard is difficult to meet and highly deferential "for evaluating state-court rulings, [and] which demands that state-court decisions be given the benefit of the doubt." *Pinholster*, 131 S.Ct. at 1398 (citations and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, mandates the standards for federal habeas review. *See* 28 U.S.C. § 2254. The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, — U.S. —, 134 S.Ct. 10, 16, 187 L.Ed.2d 348 (2013). Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)). Moreover, on habeas review, the federal courts must consider whether the state court's determination was unreasonable, not merely incorrect. *Id.*, 550 U.S. at 473, 127 S.Ct. at

1939; *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013). Such a determination is unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts before it, arrives at a different result. *See Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004). "AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt*, 134 S.Ct. at 10 (quoting *Harrington*, 562 U.S. at 103, 131 S.Ct. at 786–87) (alterations in original).

### B. Exhaustion of State Remedies

Prior to application for a writ of habeas corpus, a person in state custody must exhaust all of the remedies available in the State courts. 28 U.S.C. § 2254(b)(1)(A). This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982). As such, the exhaustion doctrine gives the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed. 2d 64 (2004) (internal quotations omitted). Moreover, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose*, 455 U.S. at 518, 102 S.Ct. at 1203 (internal citations omitted). This upholds the doctrine

of comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950)).

Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as the applicant "has the right under the law of the State to raise, by any available procedure the question presented." 28 U.S.C. § 2254(c). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds). Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29, 124 S.Ct. at 1349. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct

appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (9th ed. 1998)).

In Arizona, however, for non-capital cases "review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998). Additionally, the Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same issues already decided upon direct review. *Castille v. Peoples*, 489 U.S. 346, 350, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

### C. Procedural Default

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 650 (1991). Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.*, 501 U.S. at 728, 111 S.Ct. at 2254. This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted). Such claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The Ninth Circuit Court of Appeals explained the difference between exhaustion and procedural default as follows:

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted). Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

*Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005). Thus, a prisoner's habeas petition may be precluded from federal review due to procedural default in two ways. First, where the petitioner presented his claims to the state court, which denied relief based on independent and adequate state grounds. *Coleman*, 501 U.S. at 728, 111 S.Ct. at 2254. Federal courts are prohibited from review in such cases because they have "no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Id.* Second, where a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1, 111 S.Ct. at 2557 n.1 (citations omitted). Thus, the

- 15 -

federal court "must consider whether the claim could be pursued by any *presently available* state remedy." *Cassett*, 406 F.3d at 621 n.6 (quoting *Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998)) (emphasis in original).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 534, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial."). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims."). In addition to cause, a habeas petitioner must show actual prejudice, meaning that he "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S.Ct. at 2648 (emphasis in original) (internal quotations omitted).

Without a showing of both cause and prejudice, a habeas petitioner cannot overcome the procedural default and gain review by the federal courts. *Id.*, 106 S.Ct. at 2649.

The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982)). "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986)). Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera*, 506 U.S. at 404, 113 S.Ct. at 862. Further, in order to demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

In Arizona, a petitioner's claim may be procedurally defaulted where he has waived his right to present his claim to the state court "at trial, on appeal or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(3). "If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly,

voluntarily and intelligently' waived the claim." *Id.*, 2002 cmt. Neither Rule 32.2 nor the Arizona Supreme Court has defined claims of "sufficient constitutional magnitude" requiring personal knowledge before waiver. *See id.*; *see also Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002). The Ninth Circuit Court of Appeals recognized that this assessment "often involves a fact-intensive inquiry" and the "Arizona state courts are better suited to make these determinations." *Cassett*, 406 F.3d at 622.

## III.     STATUTE OF LIMITATIONS

As a threshold matter, the Court must consider whether Petitioner's petition is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Respondents do not dispute the timeliness of Edgar's petition. The Court has independently reviewed the record and finds that the Petition (Doc. 1) is timely pursuant to 28 U.S.C. § 2244(d)(1)(A).

## IV. ANALYSIS

### A. Ground One: Due Process Entitlement to a Prompt Revocation Hearing

Petitioner asserts that his "term of probation expired on October 22, 2002[,] [but] [t]he State did not revoke probation until May 13, 2014[,] then sentenced Petitioner to a 7 (seven) year prison term on an . . . expired term of probation." Petition (Doc. 1) at 4. Petitioner further alleges that this delay in revocation violated his due process rights. *Id.* at 12–13; *see also* Suppl. Reply (Doc. 32) at 11–14. Respondents assert that Petitioner "attempted to bootstrap to his appointed counsel's claims in state court, [and] the state court found them procedurally improper and precluded because they had been raised in violation a [sic] state-law-based prohibition against hybrid representation." Suppl. Answer (Doc. 29) at 6. As such, Respondents assert that "the claims are technically exhausted and precluded under the independent and adequate state-court doctrine." *Id.* The Court agrees with Respondents.

In Petitioner's PCR proceeding, his counsel certified that the Petition included

every ground known to her that was appropriate for a PCR petition; however, indicated that Petitioner wished to raise four (4) additional grounds *pro se*. Answer (Doc. 18), Pet.'s Pet. for PCR (Exh. "K") at 5. One of the additional grounds was that "Petitioner's term of probation expired prior to the revocation and the State failed to timely revoke his probation." *Id.* The Rule 32 court addressed the two (2) arguments raised by counsel, but ignored those urged by Petitioner alone. Answer (Doc. 18), Ariz. Superior Court, Pima County, Case No. CR056376, Ruling 1/15/2015 (Exh. "N"). Petitioner again raised the issue to the Arizona Court of Appeals. Answer (Doc. 18), Pet. for Review 2/2/2015 (Exh. "O") at 3. He also alleged a due process violation in the revocation of his probation. *Id.*, Exh. "O" at 11–17. The Arizona Court of Appeals granted review, but denied relief. Suppl. Answer (Doc. 29), Court of Appeals, State of Ariz., Case No. 2 CA-CR 2015-0047-PR, Mem. Decision 7/14/2015 (Exh. "S"). The appellate court "limit[ed] [its] discussion, however, to the two arguments counsel presented to the trial court in the Rule 32 petition below[.]" *Id.*, Exh. "S" at 3–4. The court further noted:

> To the extent counsel suggested in the Rule 32 petition below that Edgar "may have other issues he wishes to raise in a *pro se* Petition," we note that, not only is there no constitutional or other right to hybrid representation, *State v. Murray*, 184 Ariz. 9, 27, 906 P.2d 542, 560 (1995), but the trial court had informed Edgar more than once that it would not accept hybrid representation, and in fact, had asked counsel to "remind [Edgar] of the proper procedure."

*Id.*, Exh. "S" at 4 n.3. Accordingly, the appellate court explicitly upheld the Rule 32 court's refusal to address Petitioner's *pro se* claims, including any ostensible claim for a due process violation arising from the revocation of an allegedly expired term.

Because Petitioner's claim was precluded by the Arizona courts, it is procedurally

defaulted. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a), 32.4; *see also Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2253–54, 115 L.Ed.2d 640 (1991) (federal courts will not review a state court decision based upon independent and adequate state law grounds, including procedural rules). Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). As such, Petitioner has failed to meet the cause and prejudice standard. *See Coleman*, 501 U.S. at 748, 111 S.Ct. at 2564 (citations and quotations omitted).

Accordingly, Petitioner's claim for a due process violation arising from the

revocation of an allegedly expired term of probation is without merit.

**B.**    ***Ground Two:*** **Apprendi** *Violation*

Petitioner alleges that his "sentence is in violation of the Constitutions of the United States and The [sic] State of Arizona and exceeded the maximum authorized by law because the aggravating factors used to determine his sentence were not proven to a jury beyond a reasonable doubt."  Petition (Doc. 1) at 6.  Petitioner argues that *Apprendi* and *Blakely* require that any fact that increases a defendant's sentence beyond the statutory maximum must be proven to a jury and found beyond a reasonable doubt; however, this did not occur during his revocation hearing.  Suppl. Reply (Doc. 32) at 5–9.  Furthermore, Petitioner asserts that his plea agreement did not contain a waiver of his right to have a jury make findings regarding any aggravating factors, and that absconding "is only a technical violation" of his probation, thereby making his sentence unconstitutional.  Petition (Doc. 1) at 6, 15–16.  Respondent asserts that "even assuming Edgar had been entitled to a jury determination on the single, maximum-sentence-eligible aggravating factor of emotional harm to the victim,[] any error was harmless[.]  Suppl. Answer (Doc. 29) at 10.  The Court agrees with Respondent.

**1. State court review.**

Petitioner raised this claim in his PCR Petition.  Answer (Doc. 18), Pet.'s Petition for Post-Conviction Relief Pursuant to Rule 32, Ariz. R. Crim. P. (Exh. "K") at 1, 3–4.  Petitioner argued that "[b]ased on the plea entered into by Petitioner, the maximum sentence faced . . . was the presumptive sentence of 3.5 years, absent an admission or waiver by the Petitioner to allow the Court to find aggravating factors[,] [but] [n]o such

- 22 -

admission or waiver is contained in the record of Petitioner's plea[,] [and] [n]o jury was convened to consider the aggravating factors." *Id.*, Exh. "K" at 3. As such, Petitioner asserts that his sentence was imposed in violation of his Fifth and Sixth Amendment rights. *Id.*, Exh. "K" at 3–4. The Rule 32 Court found that "[h]ad Petitioner not absconded, he would have been sentenced prior to *Apprendi*, and in Arizona, at least at present, neither *Apprendi*, nor *Blakely*, are retroactive. Answer (Doc. 18), Ariz. Superior Ct., Pima County, Case No. CR056376, Ruling 1/15/2015 (Exh. "N") at 2. Accordingly, the Rule 32 court denied relief. *Id.*, Exh. "N" at 2.

Petitioner reiterated his claim to the Arizona Court of Appeals in his Petition for Review. *See* Answer (Doc. 18), Pet.'s Pet. for Review (Exh. "O"). The appellate court "assume[d] without deciding that *Blakely* applies to the sentence imposed upon Edgar's probation revocation in May 2014." Suppl. Answer (Doc. 29), Court of Appeals, State of Ariz., Case No. 2 CA-CR 2015-0047-PR, Mem. Decision 7/14/2015 (Exh. "S") at 4. The court went on to determine that "[b]ecause the court considered the harm to the victim as an aggravating circumstance in the absence of a jury finding to that effect, a finding that was neither *Blakely* compliant nor exempt, it violated *Blakely* and fundamental error occurred." *Id.*, Exh. "S" at 5 (citing *State v. Thues*, 203 Ariz. 339, ¶ 4, 54 P.3d 368, 369 (Ct. App. 2002)). In determining whether the *Blakely* error was prejudicial, the appellate court considered "whether a reasonable jury, applying the appropriate standard of proof, could have reached a different result [regarding the aggravators] than did the trial judge." *Id.*, Exh. "S" at 5–6 (quoting *State v. Henderson*, 201 Ariz. 561, ¶ 27, 115 P.3d 601, 609 (2005)) (alterations in original). The appellate court reviewed the presentence report and

its addendum, the victim's statements to the presentence officer, as well as her own letter to the court, all of which detailed the harm and trauma Petitioner caused the victim. Suppl. Answer (Doc. 29), Exh. "S" at 6. In light of this evidence and Petitioner's failure to object at sentencing, the appellate court held that "[o]n the record before us, we conclude that no rational jury could have failed to find beyond a reasonable doubt that the victim suffered substantial emotional harm resulting from Edgar's actions during the 1997 burglary, and we thus conclude Edgar has not demonstrated he was prejudiced by any error." *Id.*, Exh. "S" at 6–7 (citations omitted). As such, the appellate court denied relief. *Id.*, Exh. "S" at 8.

## 2. Standard of review.

The Supreme Court of the United States has considered the appropriate standard of review for *Blakely* errors, and held that "[f]ailure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error." *Washington v. Recuenco*, 548 U.S. 212, 222, 126 S.Ct. 2546, 2553, 165 L.Ed.2d 466 (2006). Accordingly, the Court determined harmless-error analysis to be the appropriate standard of review. *See id.*, 548 U.S. at 220–22, 126 S.Ct. at 2552–53. The Court observed that it has "repeatedly recognized that the commission of a constitutional error at trial alone does not entitle a defendant to automatic reversal[,] [and] . . . 'most constitutional errors can be harmless.'" *Id.*, 548 U.S. at 218, 126 S.Ct. at 2551 (quoting *Neder v. United States*, 527 U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)). Furthermore, "[i]f the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other [constitutional] errors that may have occurred are subject to

harmless-error analysis." *Id.*, 548 U.S. at 218, 126 S.Ct. at 2551 (quoting *Neder*, 527 U.S. at 8, 119 S.Ct. 1827) (alterations in original). The Court noted that "[o]nly in rare cases has this Court held that an error is structural, and thus requires automatic reversal." *Id.*, 548 U.S. at 218, 126 S.Ct. at 2551.

A petitioner's sentencing error is not harmless if a reviewing court has "'grave doubt' as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt." *Butler v. Curry*, 528 F.3d 624, 648 (9th Cir. 2008) (citing *O'Neal v. McAninch*, 513 U.S. 432, 436, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995)). "Grave doubt exists when, 'in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error.'" *Id.* 528 F.3d at 648 (quoting *O'Neal*, 513 U.S. at 435, 115 S.Ct. 992)).

### 3. Petitioner's sentence.

On habeas review, this Court shall not grant relief "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d).

Here, the appellate court considered "whether a reasonable jury, applying the appropriate standard of proof, could have reached a different result [regarding the aggravators] than did the trial judge." Suppl. Answer (Doc. 29), Court of Appeals, State of Ariz., Case No. 2 CA-CR 2015-0047-PR, Mem. Decision 7/14/2015 (Exh. "S") at 5–6 (quoting *State v. Henderson*, 201 Ariz. 561, ¶ 27, 115 P.3d 601, 609 (2005)) (alterations

- 25 -

in original).  After consideration of all of the evidence available to the sentencing court, the appellate court concluded "that no rational jury could have failed to find beyond a reasonable doubt that the victim suffered substantial emotional harm resulting from Edgar's actions during the 1997 burglary[.]"  *Id.*, Exh. "S" at 6–7.  As such, any error in sentencing was harmless.  This finding is consistent with clearly established Supreme Court precedent.  Accordingly, Petitioner's claim must fail.

## C.    *Ground Three:  Ineffective Assistance of Counsel*

### 1. <u>Legal Standards</u>

For cases which have been fairly presented to the State court, the Supreme Court elucidated a two part test for determining whether a defendant could prevail on a claim of ineffective assistance of counsel sufficient to overturn his conviction.  *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  First, Petitioner must show that counsel's performance was deficient.  *Id.* at 687, 104 S.Ct. at 2064.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  Second, Petitioner must show that this performance prejudiced his defense.  *Id.*  Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable."  *Id.*  Ultimately, whether or not counsel's performance was effective hinges on its reasonableness under prevailing professional norms.  *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065; *see also State v. Carver*, 160 Ariz. 167, 771 P.2d 1382 (1989) (adopting *Strickland* two-part test for ineffective assistance of counsel claims).  The Sixth Amendment's guarantee of effective assistance is not meant to "improve the quality of

legal representation," rather it is to ensure the fairness of trial. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. "Thus, '[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011) (quoting *Strickland*, 466 at 686) (emphasis and alteration in original).

"The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so[.]" *Harrington v. Richter*, 562 U.S. 86, 105, 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (2011) (citations omitted). Judging counsel's performance must be made without the influence of hindsight. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. As such, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). Without the requisite showing of either "deficient performance" or "sufficient prejudice," Petitioner cannot prevail on his ineffectiveness claim. *Strickland*, 466 U.S. at 700, 104 S.Ct. at 2071. "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Gentry v. Sinclair*, 705 F.3d 884, 899 (9th Cir. 2013) (quoting *Harrington*, 562 U.S. at 105, 131 S.Ct. at 788) (alterations in original). "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington*, 562 U.S. at 104, 131 S.Ct. at 787 (quoting *Strickland*,

466 U.S. at 689, 104 S.Ct. 2052). Accordingly, "[w]e apply the doubly deferential standard to review the state court's 'last reasoned decision.'" *Vega v. Ryan*, 757 F.3d 960, 966 (9th Cir. 2014) (citations omitted). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in 2254(d)(1) and (d)(2)." *Harrington*, 131 U.S. at 98, 131 S.Ct. at 784. As such, Petitioner also bears the burden of showing that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. *See Bell v. Cone*, 535 U.S. 685, 698–99, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002); *see also* 28 U.S.C. § 2254(d).

Additionally, "[a]s a general matter, each 'unrelated alleged instance [ ] of counsel's ineffectiveness' is a separate claim for purposes of exhaustion." *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)) (alterations in original). This means "all operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies." *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007). This is "[b]ecause ineffective assistance claims are not fungible, but are instead highly fact-dependent, [requiring] some baseline explication of the facts relating to it[.]" *Id.* As such, "a petitioner who presented any ineffective assistance of counsel claim below can[not] later add unrelated instances of counsel's ineffectiveness to that claim." *Id.* (citations and internal quotations omitted); *see also Date v. Schriro*, 619 F.Supp.2d 736, 788 (D. Ariz. 2008) ("Petitioner's assertion of a claim of ineffective assistance of counsel based on one set of facts, does not exhaust other claims of ineffective assistance based on different facts").

## 2.  Sentencing

Petitioner claims that his counsel was ineffective at sentencing for allegedly "fail[ing] to recognize Petitioners [sic] right that any aggravation must be proved to a jury beyond a reasonable doubt." Petition (Doc. 1) at 7. Respondents assert that Petitioner cannot show prejudice, and therefore counsel was not ineffective under *Strickland*. Suppl. Answer (Doc. 29) at 11.

Petitioner raised this claim in his PCR petition. *See* Answer (Doc. 18), Pet.'s Pet. for PCR Pursuant to Rule 32 Ariz. R. Crim. P. (Exh. "K") at 1, 4–5. Petitioner asserted that "[t]he rules established by *Apprendi* and *Blakely* have been well-established for over a decade now[,] . . . [and] a brief review of his original plea agreement would have shown that he did not waive the right to have a jury determine aggravating factors beyond a reasonable doubt." *Id.*, Exh. "K" at 5. The Rule 32 court found that counsel was not ineffective, nor was Petitioner prejudiced. Answer (Doc. 18), Ariz. Superior Ct., Pima County, Case No. CR056376, Ruling 1/15/2015 (Exh. "N") at 2. As such, the Rule 32 court denied relief. *Id.*, Exh. "N" at 4. The Arizona Court of Appeals held that "because Edgar ha[d] not established fundamental, prejudicial error, we cannot say the court abused its discretion in denying relief on his related claim of ineffective assistance of counsel." Suppl. Answer (Doc. 29), Court of Appeals, State of Ariz., Case No. 2 CA-CR 2015-0047-PR, Mem. Decision 7/14/2015 (Exh. "S") at 8.

Here, Petitioner cannot demonstrate prejudice. As discussed in Section IV.B., *supra*, any *Blakely* error was harmless. The appellate court's conclusion "that no rational jury could have failed to find beyond a reasonable doubt that the victim suffered

substantial emotional harm[,]" dictates that any alleged failures by counsel would not have altered Petitioner's sentence. Petitioner has failed to present any evidence to show that the Arizona courts' decisions regarding his ineffective assistance claim are contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *see also Bell v. Cone*, 535 U.S. 685, 698–99, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002). Accordingly, this Court finds that the Arizona courts did not unreasonably apply clearly established Federal law or unreasonably determine the facts in light of the evidence presented, and Petitioner cannot meet his burden to show prejudice. *See Gulbrandson*, 738 F.3d at 991. Petitioner's ineffective assistance of counsel claim regarding his sentencing is without merit.

### 3. Factual basis of plea.

Petitioner alleges that he "was a leaseholder of the home to which was [sic] alleged to have been burglarized . . . [and] Petitioner and Victim resided in the home with our minor daughter[,] [and] Petitioner and the victim were lawfully married at the time, [but] Counsel failed to offer evidence or file timely motion for a review of the indictment." Petition (Doc. 1) at 8. Respondents assert that Petitioner "attempted to bootstrap [this claim] to his appointed counsel's claims in state court, [and] the state court found them procedurally improper and precluded because they had been raised in violation a [sic] state-law-based prohibition against hybrid representation." Suppl. Answer (Doc. 29) at 6. The Court agrees with Respondents.

Petitioner raised this as a *pro se* claim in his PCR petition. *See* Answer (Doc. 18),

Pet.'s Pet. for PCR (Exh. "K") at 5. As discussed in Section IV.A., *supra*, the Rule 32 court addressed the two (2) arguments raised by counsel, but ignored those urged by Petitioner alone. Answer (Doc. 18), Ariz. Superior Ct., Pima County, Case No. CR056376, Ruling 1/15/2015 (Exh. "N"). The appellate court also refused to address Petitioner's *pro se* claims noting the lack of a constitutional or other right to hybrid representation. Suppl. Answer (Doc. 29), Court of Appeals, State of Ariz., 2 CA-CR 2015-0047-PR, Mem. Decision 7/14/2015 (Exh. "S") at 4 n.3.

Because Petitioner's claim was precluded by the Arizona courts, it is procedurally defaulted. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a), 32.4; *see also Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2253–54, 115 L.Ed.2d 640 (1991) (federal courts will not review a state court decision based upon independent and adequate state law grounds, including procedural rules). Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir.

1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). Neither has Petitioner "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). As such, Petitioner has failed to meet the cause and prejudice standard, and his claim for ineffective assistance of counsel arising from the alleged factual basis of his plea is without merit. *See Coleman*, 501 U.S. at 748, 111 S.Ct. at 2564 (citations and quotations omitted).

### 4. Plea negotiations

Petitioner alleges that trial counsel was ineffective during plea negotiations, and failed to challenge the indictment or file any motions. Petition (Doc. 1) at 8–9. Petitioner asserts that he should have charged with sexual assault between spouses pursuant to A.R.S. § 13-1406.01, rather than the sexual assault to which he pleaded guilty.[4] *Id.* at 17–18. Respondents again assert that Petitioner "attempted to bootstrap [this claim] to his appointed counsel's claims in state court, [and] the state court found them procedurally improper and precluded because they had been raised in violation a [sic] state-law-based prohibition against hybrid representation." Suppl. Answer (Doc. 29) at 6. The Court agrees with Respondents.

Petitioner raised this as a *pro se* claim in his PCR petition. *See* Answer (Doc. 18), Pet.'s Pet. for PCR (Exh. "K") at 5. As discussed in Sections IV.A. and IV.C.3., *supra*,

---

[4] Petitioner makes this claim under Ground Four in the "Argument" section of his Petition, as well as in enumerated Ground Five. For clarity, the Court addresses this claim only once.

the Rule 32 court addressed the two (2) arguments raised by counsel, but ignored those urged by Petitioner alone.  Answer (Doc. 18), Ariz. Superior Ct., Pima County, Case No. CR056376, Ruling 1/15/2015 (Exh. "N").  The appellate court also refused to address Petitioner's *pro se* claims noting the lack of a constitutional or other right to hybrid representation.  Suppl. Answer (Doc. 29), Court of Appeals, State of Ariz., 2 CA-CR 2015-0047-PR, Mem. Decision 7/14/2015 (Exh. "S") at 4 n.3.

The reasoning in Section IV.C.3., *supra*, applies here.  Petitioner's claim was precluded by the Arizona courts, and is procedurally defaulted.   Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a), 32.4; *see also Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2253–54, 115 L.Ed.2d 640 (1991) (federal courts will not review a state court decision based upon independent and adequate state law grounds, including procedural rules).  Petitioner has failed to meet the cause and prejudice standard, and his claim for ineffective assistance of counsel arising from any alleged failures regarding plea negotiations must fail.  *See Coleman*, 501 U.S. at 748, 111 S.Ct. at 2564 (citations and quotations omitted).

### D.    Conclusion

In light of the foregoing, the Court finds that Petitioner's habeas claims are without merit, and recommends the Petition (Doc. 1) be denied.

## V.    RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order DENYING Petitioner's Petition Under 28 U.S.C. § 2254 for

a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2), Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-15-0063-TUC-CKJ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 31st day of January, 2018.

Honorable Bruce G. Macdonald
United States Magistrate Judge