**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jonathan B Edgar, | No. CV-15-00063-TUC-CKJ |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

On January 31, 2018, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation ("R&R") (Doc. 37) in which he recommended the Petitioner Jonathan B Edgar's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) be denied. The Court has reviewed and considered the pending petition (Doc.1), the Limited and Supplemental Answers (Docs. 18, 29), the Reply (Doc. 32) and Supplemental Reply (Doc. 32), the related exhibits, the Report and Recommendation (Doc. 37), Petitioner's Objection (Doc. 41), and Respondents' Response (Doc. 42). The Court will adopt the Magistrate Judge's R&R and deny Petitioner's § 2254 petition.

- *Standard of Review*

The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the Court must "determine *de novo* any part of the magistrate

judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).  Nonetheless, "while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

- *Factual and Procedural History*

Petitioner does not object to the factual or procedural history as stated by the Magistrate Judge, only to the conclusions that may be drawn from his synopsis. Therefore, the Court adopts the Magistrate Judge's recitation of the factual and procedural background.

- *Petitioner's Objections*

  o *Amended Complaint*

Petitioner first objects to the Magistrate Judge's denial of his motion to amend, claiming the act was an abuse of discretion. (Doc. 41 at 2.) When denying leave to amend, the Magistrate Judge explained that Petitioner had not clarified what claims he was attempting to add. (Doc. 35 at 2.) In fact, the motion is two sentences long and merely states that Petitioner "missed additional factual and legal arguments during the course of the proceedings." (Doc. 34 at 1.) Furthermore, Petitioner did not follow Local Rules of Civil Procedure, and failed to attach his proposed amended petition indicating how it differed from the original. *See* LRCiv 15.1(a). Therefore the Magistrate Judge, in his discretion, had ample cause to deny the request to amend the petition. In addition, Petitioner could have filed a motion for reconsideration, wherein he could have explained why he failed to comply with the local rule, with a comporting amended petition attached. For example, Petitioner did indeed file objections to other determinations by the Magistrate Judge as well as objections at the state court level, but chose not to in this matter. (*See* Motion to Vacate Judgment, Doc. 19; Objection to Magistrate's Order, Doc.

27, Appeal of Extradition Fees, Exh. D, Doc. 41-1 at 24.)

- ***Hybrid Representation***

Second, Petitioner claims the Magistrate Judge should have determined that the state court committed a due process violation when it erroneously revoked his probationary period which led to his incarceration. (Doc. 41 at 3-4.) Petitioner attempted to raise this issue *pro se* in state court, but the Rule 32 court did not address the issue. (Exh. J, Doc. 18-1 at 61; Exh. S, Doc. 29-1 at 4 n.3.) When he attempted to raise the issue to the Arizona Court of Appeals, the court stated:

> To the extent counsel suggested in the Rule 32 petition below that Edgar "may have other issues he wishes to raise in a *pro se* Petition," we note that, not only is there no constitutional right to hybrid representation, *State v. Murray,* 184 Ariz. 9, 27, 906 P.2d 542, 560 (1995), but the trial court had informed Edgar more than once that it would not accept hybrid representation, and in fact, had asked counsel to "remind [Edgar] of the proper procedure."

(Exh. S, Doc. 29-1 at 4 n.3.)

This Court will not consider a question of federal law decided on adequate and independent state grounds. *See Coleman v. Thompson,* 501 U.S. 722, 732 (1991). The state court precluded Petitioner's argument on state procedural grounds pertaining to hybrid representation. This constitutes a procedural bar to raising these claims in district court. *Vasquez-Mendoza v. Ryan*, CV-12-01189-PHX-PGR, 2015 WL 2213335, at \*10 (D. Ariz. May 11, 2015) (citing *Harris v. Reed,* 489 U.S. 255, 260 (1989) ("[Claims] were disposed of on the basis of the state rule precluding hybrid representation, and thus would be subject to a defense of procedural bar under an independent and adequate state ground."); *Sapp v. Ryan*, No. CV-05-52-TUC-FRZ-DTF, 2009 WL 8406770, at \*4 (D. Ariz. Oct. 20, 2009), *report and recommendation adopted*, No. CV 05-052-TUC-FRZ, 2011 WL 4104872 (D. Ariz. Sept. 15, 2011) (PCR court's refusal to address petitioner's pro se issues because of hybrid representation resulted in procedural default).

Petitioner attempts to show cause for his failure to be able to successfully raise his argument in state court by claiming he had tried, unsuccessfully, to remove his appointed

1    counsel and proceed *pro se*. (Doc. 41 at 8.) However, this does not change the Court's

2    determination. Plaintiff does not dispute that he was represented by counsel at the time he

3    filed his Rule 32 petition, and the filing qualified as hybrid representation. (*Id*.) Petitioner

4    was represented by counsel and the state court had not withdrawn counsel. Therefore,

5    Petitioner's claims are procedurally defaulted. Petitioner's arguments do not overcome

6    the procedural default or establish cause. Petitioner was warned that the state court would

7    not accept simultaneous filings, and the denial of his petition was proper.

8        The Court agrees with the Magistrate Judge's well-reasoned analysis. Petitioner

9    cannot demonstrate the state court's determination was in error, and cannot show either

10   cause for his violation of procedure or that prejudice resulted. 28 U.S.C. § 2254(d)(1)-(2);

11   *see Teague v. Lane,* 489 U.S. 288, 298 (1989).

12       • ***Aggravating Factors at Sentencing***

13       Next, Petitioner's objects to the Magistrate Judge's determination that the trial

14   court's consideration of aggravating sentencing factors not submitted to a jury was

15   harmless error. (Doc. 41 at 26.) Second, Petitioner contends that the Presentence Report

16   ("PSR") and the victim's statements were improperly considered as evidence of

17   aggravating factors, and the trial court failed to consider that the victim had a financial

18   motive to make the allegations. (*Id.* at 15.)

19       Though clearly stated in the R&R, the Court reemphasizes that the state court's

20   failure to submit the aggravating factors to a jury for sentencing was not structural error,

21   and should be evaluated under the harmless error standard. *Washington v. Recuenco,* 548

22   U.S. 212, 220-22 (2006). For the Court to find that his sentencing issue was *not* harmless,

23   the Court must have "'grave doubt' as to whether a jury would have found the relevant

24   aggravating factors beyond a reasonable doubt. . . . Grave doubt exists when, 'in the

25   judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as

26   to the harmlessness of the error.'" *Butler v. Curry,* 528 F.3d 624, 648 (9th Cir. 2008)

27   (citing *O'Neal v. McAninch,* 513 U.S. 432, 436 (1995)). After a *de novo* review,

28   considering all of Petitioner's arguments and supporting evidence, the Court does not

     have any doubt, let alone grave doubt that the aggravating factors would be found by a

jury.

The Court agrees with the determination of both the Arizona Court of Appeals and the Magistrate Judge. A reasonable juror could not have denied the existence of aggravating factors, given the nature of the burglary, which included binding, raping, and sodomizing Petitioner's estranged wife. (Exh. C, Doc. 41-1 at 19; Exh. I, Doc. 41-1 at 42-43; Exh. P, Doc. 11-3 at 12-13.) In addition, after absconding to Mexico to avoid the confines of probation, Petitioner continued to call the victim and threatened to return and take their child away from her. (Exh. I, Doc. 41-1 at 44; Exh. P, Doc. 11-3 at 12-13.) Nonetheless, Petitioner's sentence was aggravated not only because of harm to victim, but because he had absconded for approximately sixteen years. (Exh. C, Doc. 41-1 at 19.)

Petitioner's claim that the sentencing court should not have considered the PSR and the victim's statements because they are hearsay is unavailing. "A.R.S. § 13-702C permits a trial court to consider 'any evidence or information introduced or submitted to the court prior to sentencing.' . . . Under Rule 26.7(b), which governs presentence hearings, any reliable, relevant evidence, including hearsay, may be introduced at the hearing to show aggravating or mitigating circumstances. Whether hearsay evidence is 'reliable' is largely a matter of discretion with the trial court." *State v. Marquez*, 617 P.2d 787, 790 (Ariz. App. 1980) (quoting *State v. Donahoe*, 574 P.2d 830 (Ariz. App. 1977)). Despite Petitioner's claim that his estranged wife had motive to lie about the encounter because of a dispute about child support, Petitioner concedes that the trial court was aware of any support payments. (Doc. 41 at 15.) The trial court was better equipped to determine credibility than this Court. *See Marquez*, 617 P.2d at 799. Furthermore, the trial court was not required to read the victim's letter into the record as Plaintiff alleges, and given the allegations of sexual assault, the substance of the letter was likely withheld to protect the victim. Petitioner concedes the victim's letter was read to defense counsel. (Doc. 41 at 33.) Contrary to Petitioner's assertions, there was no *ex parte* communication violation by the judge.

///

///

- • *Ineffective Assistance of Counsel*

Petitioner challenges the Magistrate Judge's determination that a claim of ineffectiveness failed because Petitioner could not show prejudice. Petitioner argues that his trial counsel was ineffective for failing to challenge the increase in sentence based on aggravating factors not presented to a jury. (*Id.* at 24.)

To prevail on a claim of ineffective assistance of counsel, Petitioner must satisfy a two prong test, demonstrating:  (1) deficient performance, such that counsel's actions were outside the wide range of professionally competent assistance, and (2) that Petitioner was prejudiced by reason of counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 686-90 (1984); *Correll v. Stewart*, 137 F.3d 1404, 1411 (9th Cir. 1998). "Failure to satisfy either prong of the Strickland test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002). Furthermore, when a claim has been "adjudicated on the merits" at the state level, it cannot be re-litigated unless the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law . . . [or] resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Plaintiff's ineffective assistance of counsel claim was litigated at the state level. The Arizona Court of Appeals determined that Plaintiff had not established prejudicial error due to counsel's actions. (Exh. S, Doc. 29-1 at 8.) Therefore, Petitioner failed to meet the second prong in the *Strickland* analysis for ineffective assistance of counsel. (*Id.*) The Court agrees with the Magistrate Judge. First, Petitioner cannot demonstrate prejudice because the error was harmless. Second, the Court of Appeals determination was not an unreasonable application of law or determination of facts. Petitioner's objections do not persuade the Court otherwise.

Petitioner then disagrees with the Magistrate Judge's reliance on *Washington v. Recuenco*, 548 U.S. at 222, and *Neder v. United States*, 527 U.S. 1, 8 (1999) for its determination that the *Apprendi* violation was harmless error and so Petitioner is provided no relief in habeas. (Doc. 41 at 26.) He argues that these cases are inapplicable

because both cases were decided after a trial, and Petitioner's sentence was based on a plea agreement. (*Id.*) However, Petitioner does not present any controverting case law indicating the analysis for a plea agreement should be any different. It is not whether there was a trial or plea agreement that causes a court to analyze an *Apprendi* violation under harmless error. It is the failure to present a sentencing factor to a jury which raises a defendant's maximum sentence that initiates harmless error review. *See e.g., United States v. Cotton*, 535 U.S. 625, 632-33 (2012); *United States v. Velasco-Heredia*, 319 F.3d 1080, 1085-86 (9th Cir. 2003); *State v. Sepahi*, 78 P.3d 732, 735 n.3 (Ariz. App. 2003).

Finally, Petitioner contends that neither the Magistrate Judge, the Court of Appeals, nor the Rule 32 court have addressed his issue of waiver of a jury trial, and therefore this Court should grant him *de novo* review of this issue. (Doc. 41 at 31.) The Court disagrees. First, Petitioner concedes the "[C]ourt of [A]ppeals invoked a procedural bar" as to the issue of waiver and performed a harmless error analysis, and the Rule 32 court "rejected [the claim] on a merits adjudication." (*Id.*) In addition, the Magistrate Judge found the state court determinations were proper, and this determination prevents the District Court from granting Petitioner relief. *See* 28 U.S.C. § 2254(d)(1)-(2). Nonetheless, the Court *has* conducted a *de novo* review of each of Petitioner's objections, and finds none meritorious.

Accordingly, after an independent review, IT IS ORDERED:

1. The Report and Recommendation (Doc. 37) is ADOPTED.

2. Jonathan B Edgar's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DENIED.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable could not "debate whether (or, for that

///

///

///

- 7 -

matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1599 (2000) (internal quotations omitted).

Dated this 5th day of April, 2018.

_____
Honorable Cindy K. Jorgenson
United States District Judge